CALOGERO, Chief Justice,
dissenting from the denial of writs.
I do not think the collateral bar doctrine should be invoked in this case. The writ filing does not include a copy of the Order granting time for seeking relief in the court of appeal, but it is evident that, at the least, the judge was fully aware that the defendant was going to seek review in the court of appeal, for the judge delayed sentencing pending review. Therefore, procedurally, this case is ripe for disposition.
The legal issue is an important one that warrants our attention.
A search made in the absence of individualized suspicion[1], as in this case, may be constitutionally reasonable only when privacy interests are minimal and where furtherance of an important governmental interest would otherwise be jeopardized. Skinner v. Railway Labor Executives’ Ass’n, 489 U.S. 602, 624, 109 S.Ct. 1402, 1417, 103 L.Ed.2d 639 (1989). The governmental interest enunciated in article 336 is for the court to make use of the results in determining “appropriate conditions of release, monitoring compliance with court orders, and assisting in determining appropriate sentences.” C.Cr.P. art. 336(B)(3). In balancing this interest with *1062 drug testing in a non-custodial environment where there may be an expectation of privacy, the search pursuant to article 336 may or may not violate the Fourth Amendment. I would grant the writ in order to examine Relator’s contention that his rights under the Fourth Amendment have been violated.

. The defendant was appearing before the court at his arraignment on a charge of conspiracy to possess marijuana with intent to distribute when the trial judge invoked article 336. ("Every person arrested for a state crime may be required to submit to a pretrial drug test for the presence of designated substances_" C.Cr.P. art. 336(A).)